# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CARTER,<br><br>        Plaintiff,<br><br>   v.<br><br>W. J. SULLIVAN, et al.,<br><br>        Defendants.<br>_____/ | 1:07-cv-00425-SMS-PC<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER<br><br>ORDER FOR CLERK TO CLOSE CASE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2007, plaintiff consented to Magistrate Judge jurisdiction. (Doc. 4.) On March 20, 2009, this action was reassigned to the undersigned to conduct all proceedings. 28 U.S.C. § 636(c)(1). (Doc. 14.)

On January 30, 2009, the court issued an order requiring plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable by the court, within thirty days. (Doc. 13.) The thirty day period has now expired, and plaintiff has not filed an amended complaint, filed a notice to the court, or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action

for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than a year. Plaintiff's failure to submit an amended complaint or notify the court of his willingness to proceed on the claims found cognizable by the court may reflect Plaintiff's lack of interest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who has not taken steps to notify the court that he wants to proceed with this case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is plaintiff's failure to file an amended complaint or a notice to the Court that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, based on plaintiff's failure to obey the court's order of January 30, 2009; and

2. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:     March 25, 2009**                              **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE